IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION      MDL No. 2326

---

THIS DOCUMENT RELATES TO:

*Mastronardi v. Boston Scientific Corp.*      Civil Action No. 2:13-cv-25965

## MEMORANDUM OPINION & ORDER

Pending before the court is Boston Scientific Corporation's ("BSC") Motion to Dismiss [ECF No. 7]. The plaintiff has not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, BSC's Motion to Dismiss [ECF No. 7] is **DENIED**.

### I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 75,000 cases currently pending, over 19,000 of which are in the BSC MDL, MDL 2326. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under

Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. *See* PTO # 16, No. 2:12-md-2326, entered Oct. 4, 2012 [ECF No. 211]. The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL. The instant plaintiff, however, did not comply with PTO # 16 in that they wholly failed to submit a completed PPF, and on this basis, BSC now moves for dismissal and reasonable sanctions against the plaintiff. Specifically, BSC seeks reasonable monetary sanctions, dismissal of the plaintiff's case, and/or another sanction deemed appropriate by the court.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery"). Before levying a harsh sanction under Rule 37, such as dismissal or default, a court must first consider the following four factors identified by the Fourth Circuit Court of Appeals:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir.

2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

### III. Discussion

Pursuant to PTO # 16, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. PTO # 16 at ¶ 1b. The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 16 provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." PTO # 16 at ¶ 1i.

Here, the plaintiff filed her complaint on October 17, 2013, and the plaintiff's PPF was due to BSC by December 16, 2013. As of the date of this Order, the plaintiff has not submitted a PPF, making it more than 946 days late. Accordingly, pursuant to PTO # 16, BSC seeks remedy from the court for this discovery failure in the form of dismissal or monetary sanctions. The plaintiff made no response to BSC's motion to dismiss. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is

justified, the plaintiff should be afforded one more chance to comply with discovery before further sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that plaintiff's counsel has not responded. However, counsel's inability to contact the plaintiff is not an excuse and instead indicates a failing on the part of the plaintiff, who has an obligation to provide counsel with any information needed to prosecute her case, including up-to-date contact information. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). Furthermore, as set forth in PTO # 4, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." PTO # 4 ¶ C, No. 2:12-md-002326, entered Apr. 17, 2012 [ECF No. 103]. This includes awareness of and good faith attempts at compliance with all PTOs and other court orders. PTO # 16—*which was jointly drafted by the leadership counsel of both parties*—expressly states that failure to timely submit a PPF could result in sanctions. The plaintiff nevertheless failed to comply. Although these failures do not appear to be callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

5

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a PPF, BSC is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because BSC has had to divert its attention away from timely plaintiffs and onto Ms. Mastronardi, the delay has unfairly impacted the progress of the remaining plaintiffs in MDL 2326.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. From the representations of BSC's counsel, a considerable number of plaintiffs have failed to supply BSC with a timely PPF. In fact, of the motions filed by BSC to date, the majority of these plaintiffs, including Ms. Mastronardi, have failed to supply a PPF at all. Consequently, the court expects to have to evaluate and dispose of a significant number of motions similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. However, application of the fourth factor—the effectiveness of less drastic sanctions—counsels against the relief sought by the defendants. Rather than imposing harsh sanctions at this time, the court opts for a lesser sanction and allows Ms. Mastronardi one more chance to comply with PTO # 16 subject to dismissal, upon motion by the defendants, if she fails to do so. This course of action is consistent with PTO # 16, which warned plaintiffs of the possibility of dismissal upon failure to submit a timely PPF. *See* PTO # 16 ¶ 1g ("If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to [] deficiency cure procedures.").

Alternative lesser sanctions, such as the ones proposed in Rule 37(b)(2)(i–iv), are simply impracticable, and therefore ineffective, in the context of an MDL containing over 19,000 cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on BSC. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording Ms. Mastronardi a final chance to comply with discovery, subject to dismissal if she fails to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## IV. Conclusion

It is **ORDERED** that BSC's Motion to Dismiss [ECF No. 7] is **DENIED**. It is further **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to submit to BSC a completed PPF. Failure to comply with this Order will result in dismissal upon motion by the defendant. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 18, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE